IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT FRANK RAMOS,

    Petitioner,                         No. CIV S-05-0995 MCE DAD P

    vs.

K. PROSPER, Warden,

    Respondent.                     <u>ORDER</u>

/

          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus challenging a judgment of conviction entered by the Tehama County Superior Court on April 12, 2004. Respondent filed an answer to the petition on July 27, 2005, and petitioner did not file a traverse. Petitioner has now filed a motion to hold proceedings in abeyance until he has exhausted additional claims in state court.

          After a bench trial, petitioner was convicted of petty theft with a prior theft-related offense. The trial judge found petitioner had suffered eleven other "strike" convictions and sentenced petitioner to twenty-nine years to life in state prison. The California Court of Appeal and the California Supreme Court affirmed petitioner's conviction in 2004.

          Petitioner alleges three grounds for relief in his petition. First, petitioner alleges the trial court abused its discretion when it declined to grant petitioner's motion to dismiss prior

1

strike convictions for a lesser sentence. Second, petitioner alleges his sentence is cruel and unusual. Finally, petitioner alleges he did not receive effective assistance of counsel. Respondent has filed an answer, arguing petitioner's claims lack merit and that a procedural bar forecloses this court from reviewing petitioner's second claim.

In petitioner's motion to hold these proceedings in abeyance, petitioner alleges that he intends to file a state habeas petition raising "a number of constitutional claims," including ineffective assistance of appellate counsel. (Pet'r's Mot. to Hold Fed. Habeas Pet. in Abeyance at 3). More specifically, petitioner asserts that his appellate counsel was ineffective for failing to argue that petitioner's trial counsel was ineffective in being unsuccessful in persuading the court to strike prior "strike" convictions in violation of petitioner's plea agreement and by not arguing that petitioner's sentence of twenty-nine years to life constituted cruel and unusual punishment because of an alleged double-jeopardy violation. Petitioner requests that the court hold these proceedings in abeyance until he exhausts these claims in state court and requests that the court permit him to amend his federal petition to include these claims once exhausted.

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the

district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277.  Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless.  Id.  Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78

Petitioner's pending motion is vague and conclusory and does not provide sufficient facts and information to satisfy the requirements of Rhines.  Accordingly, the court is unable to determine whether petitioner had good cause for failing to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claims.  See Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).  For these reasons, petitioner's request will be denied without prejudice to the filing of a new motion for a stay and abeyance.

Petitioner will be granted thirty days to file a new motion for a stay and abeyance. The motion must include a proof of service showing that a copy of the motion was served on respondent's counsel.  In addition, the motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.  The court will also order respondent to file an opposition or statement of non-opposition to petitioner's motion.  Petitioner may file a reply to any opposition to his motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 25, 2007 motion to hold federal habeas petition in abeyance is denied without prejudice;

/////

2. Within thirty days from the service of this order, petitioner shall file and serve a renewed motion for a stay and abeyance as set forth in this order;

3. Within thirty days from the service of the renewed motion for a stay and abeyance, respondent shall file his opposition or non-opposition to the motion; and

4. Within twenty days from service of respondent's opposition, if any, petitioner may file a reply.

DATED: March 12, 2007.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ramo0995.mstyandabey