IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT FRANK RAMOS,

    Petitioner,      No. CIV S-05-0995 MCE DAD P

  vs.

K. PROSPER, Warden,

    Respondent.      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On March 18, 2004, the Tehama County Superior Court found petitioner guilty of one count of petty theft (California Penal Code §666), with a prior, and found the enhancement allegations based upon prior felony convictions, admitted to by petitioner, to be true. (Resp't Lodged Doc. 1, Clerk's Transcript on Appeal (hereinafter "CT") at 8-12, 19.) Petitioner was sentenced to an indeterminate term of twenty-nine years-to-life in state

---

[1] Petitioner filed a letter with the court on April 7, 2008 indicating that he had "hired an attorney to help with appeals," and identifying Dane Cameron of Chico, California as that attorney. (Doc. No. 27.) However, the court has never heard from the identified attorney in this regard and no substitution of attorneys has ever been filed with the court. See L.R. 83-182(a)(2). "No attorney may participate in any action unless the attorney has appeared as an attorney of record." L.R. 83-182(a)(1). Therefore, petitioner is proceeding pro se in his application for writ of habeas corpus.

1

prison. (Id. at 38-41.) In his petition before this court petitioner alleges that: (1) "the trial court abused its discretion by declining to grant petitioner's motion to dismiss some of his prior strike convictions for a lesser sentence"; (2) "his sentence is cruel and unusual, wrongly upheld by state courts, and must be interjurisdictionally compared for disproportionality"; and (3) he was "denied his constitutional right to effective assistance of counsel and, thus, a fair trial." (Pet. at 6.) Upon consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts were taken from the unpublished opinion of the California Court of Appeal for the Third Appellate District:

> On June 26, 2003, [petitioner] went to a recycling center and sold recyclables to Lloyd Guinn. Guinn paid [petitioner] from a cash box located inside a desk. After getting the money, [petitioner] had a drink and moved around behind the desk. Guinn told [petitioner] he was not supposed to be behind the desk. [Petitioner] claimed he was looking for ice, which Guinn told him they did not have.
>
> [Petitioner] then went to his truck and drove away. Guinn took the recyclables out to the crusher where for three to five minutes he could not see the office. As Guinn was dumping recyclables into the crusher, he heard a boy who was working at a nearby taco wagon yell, "That man took your box." Guinn ran to the office and found the cash box missing. The cash box contained $210.
>
> The boy had seen [petitioner] park his truck, pace in front of the recycling center, and then go in. A minute later he saw [petitioner] exit the center with a cash box and drive away.
>
> Within an hour, Sergeant Craig Bassett found [petitioner] playing slots at the Rolling Hills Casino. Sergeant Bassett told [petitioner] he was investigating a theft at the recycling center and that he knew [petitioner] had taken the cash box. [Petitioner] denied it, and Sergeant Bassett said he had seen [petitioner] take the cash box on videotape. [Petitioner] replied, "I did take the cash box, I need money to pay bills." [Petitioner] claimed he only had $20 left and that he had given some to his brother. [Petitioner] said he grabbed the box when Guinn had turned around. [Petitioner] then took Sergeant Bassett to his brother's apartment where the cash box was stashed.

/////

> * * *
>
> Officer Kimberly Lim interviewed [petitioner] at the Corning Police Department. [Petitioner] asserted he found the cash box across the street from the recycling center after hearing the sound of something hitting the ground and seeing someone running away. [Petitioner] claimed there was only a small amount of money in one-dollar bills and change in the box.

(Resp't Lodged Doc. 2 (hereinafter Opinion) at 2-3.)

Petitioner timely appealed from his judgment of conviction, raising the same issues on appeal as he presents in his habeas petition before this court. (Id. at 4-14.) The California Court of Appeal affirmed petitioner's conviction and sentence. (Id.) Petitioner filed a petition for review with the California Supreme Court which was denied on January 12, 2005. (Resp't Lodged Docs. 3-4.)

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. <u>See</u> <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues <u>de novo</u>. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

/////

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

II. Petitioner's Claims

1. Trial Court's Failure to Dismiss Prior Strike Convictions

Petitioner claims that the "trial court abused its discretion by declining to grant petitioner's motion to dismiss some of his prior strike convictions for a lesser sentence." (Pet. at

/////

/////

/////

6.)² Applying state sentencing law, the California Court of Appeal rejected petitioner's argument on appeal. (Opinion at 4-7.)

Respondent argues that this claim is not cognizable in these federal habeas proceedings and is, in any event, unexhausted because petitioner failed to present it to the California Supreme Court.³

Petitioner's claim involves an interpretation of state sentencing law. As noted above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle, 502 U.S. at 67-68. So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

The trial court's decision not to strike petitioner's prior convictions was not fundamentally unfair. In this regard , the trial court stated:

> The [petitioner] has a very, very long record, it goes back to possession of stolen credit card in 1977; things that weren't charged at trial that are in the probation report including shooting into a car because of a jealousy thing; as to the 211 that is admitted on August 17, 1981, the [petitioner] says that his brother unexpectedly pulled a gun, that is how he managed to get

---

² Petitioner's claim in this regard involves the application of California's "Three Strikes" law, enacted March 7, 1994, which appears in California Penal Code § 667(b)(I). The statute prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies. See Cal. Penal Code § 667(d). A second strike defendant (with one prior felony conviction) receives "twice the term otherwise provided as punishment for the current felony conviction." Cal. Penal Code §667(e)(1). A third strike defendant (with two or more prior felony convictions) receives an indeterminate term of life imprisonment, which includes a minimum term.

³ It does appear from the record before the court that this claim is unexhausted. Nonetheless, as respondent acknowledges, the court may deny an unexhausted habeas claim on the merits when it is clear that the petition does not raise a colorable federal claim. See 28 U.S.C. § 2254(b)(2). Such is the case here.

5

convicted of armed robbery; in-between that 211 and the later charged prior strikes there is as simple as a drunk in public for which he says his brother did it and just happened to use his ID, excuse is petty theft by saying he was just taking food; as to the considerable number of burglaries that this [petitioner] was convicted of on March 17th, 1986, he more or less blames that on heroin addiction, he says some he didn't even do they were just added to clear the books; the Alameda 459s in June 1st of 1992 his response is that he didn't do it, he just bought a television set that happened to be stolen. In other words, he just perpetually comes up with some excuse that does not jive with the facts and the facts of conviction. In addition, he has parole violations: December of '96, April of '97, June of '98, February of '99, July of '99, November of '99, June of 2000, February of 2001. He has a page of arrests that didn't lead to convictions.

Furthermore, I got to chance [sic] to watch the [petitioner] at trial. He is either a very natural or fluent liar or a person that just doesn't know the difference between truth and lies. I watched him recover when he testified on the stand, while I think he thought he was recovering, but he worked himself into corners just being completely dishonest. When asked if he didn't think that the box was stolen why he didn't do something to return it he immediately responded that it was because if the owner was missing it he would have been in the street and he would have been there somewhere. In other words, he just makes up things, looks people straight in the eyes and he says thing [sic] glibly that don't add up, they don't meet the facts. We have an eye witness watching him looking and waiting for a time to steal and then running off with the box afterwards.

With all of his history, all of the burglaries, all of the receivings, the armed robbery, at one point during his defense of himself on the witness stand, I will never forget this one, he says, he looked at the prosecutor in the eye and says, "I am not a thief." And he said that with indignant nature, it was part of the act he was putting on while he was testifying. Where he can't explain eye witness accounts, he just ignores them. Where the officer has him making a confession, it just didn't happen. I note that the cash box had something more than $200 and when the [petitioner] was first approached he said there was something less than $200 in it, which does comport or comply, matches up with reality, and then later on when talking with the probation officer, maybe at trial, I don't remember when he said at trial, but it comes down to $9.

He says what is convenient at the time. He is a drug user and blames nearly 30 years of constant criminal conduct on his drug use. So, in conclusion, I believe I am required to traverse the facts on a motion to use my discretion to strike the prior. Mr. Ramos has been a one-man crime waive [sic] his entire life, it would be completely inappropriate to strike priors to help him. As the

> probation officer has noted, he is the kind of person for whom the three strikes law was designed. The rest of society simply isn't safe while he is on the street.
>
> Therefore, I decline to use my discretion to strike priors.

(Resp't Lodged Doc. 5, Reporter's Transcript (hereinafter "RT") at 215-17.)

Contrary to petitioner's assertion that the trial court "effected its judgment exclusively on petitioner's former convictions," the sentencing judge ran through petitioner's "very, very long record" of criminal activity, parole violations, and his propensity for lying. (Pet. at 6; RT at 215-217.) The trial court's conclusion that striking petitioner's priors would be inappropriate was not fundamentally unfair nor was it based on any grounds proscribed by federal law. The court finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion under state law.

### 2. Cruel and Unusual Punishment

Petitioner claims that his "sentence is cruel and unusual, wrongly upheld by state courts, and must be interjurisdictionally compared for disproportionality." (Pet. at 6.) This argument was rejected by the California Court of Appeal which concluded that petitioner had forfeited the claim by failing to raise it in the trial court. (Resp't Lodged Doc. 2 at 8.) Respondent alleges that petitioner's claim is therefore procedurally defaulted and, thus, barred from federal habeas review. (Answer at 2.) Notwithstanding the procedural bar, respondent argues that petitioner's claim in this regard lacks merit. (Id. at 11, 13-15.)

#### A. Procedural Default

State courts may decline to review a claim based on a procedural default. Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977). As a general rule, a federal habeas court "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The state rule for these purposes is

only "adequate" if it is "firmly established and regularly followed." Id. (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)). See also Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed adequate, the state law ground for decision must be well-established and consistently applied.") The state rule must also be "independent" in that it is not "interwoven with the federal law." Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)). Even if the state rule is independent and adequate, the claims may be reviewed by the federal court if the petitioner can show: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50.

Respondent has met his burden of adequately pleading an independent and adequate state procedural ground as an affirmative defense. See Bennett, 322 F.3d at 586. Petitioner does not deny that his trial counsel did not raise a contemporaneous objection at the time of sentencing on Eighth Amendment cruel and unusual punishment grounds. Petitioner has also failed to meet his burden of asserting specific factual allegations demonstrating the inadequacy of California's contemporaneous-objection rule as unclear, inconsistently applied or not well-established, either as a general rule or as applied to him. Bennett, 322 F.3d at 586; Melendez v. Pliler, 288 F.3d 1120, 1124-26 (9th Cir. 2002). Petitioner's claim is therefore procedurally barred. See Coleman, 501 U.S. at 747; Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Paulino v. Castro, 371 F.3d 1083, 1092-93 (9th Cir. 2004) (claim that defendant's due process rights were violated by the trial court's failure to instruct sua sponte on the definition of "major participant" was procedurally barred because counsel failed to make a contemporaneous objection to the instruction at trial). Petitioner has failed to demonstrate that there was cause for his procedural default or that a miscarriage of justice would result absent review of the claim by this court. See Coleman, 501 U.S. at 748; Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999). The court is therefore precluded from considering the merits of this claim.

B. <u>Merits of the Cruel and Unusual Punishment Claim</u>

Even were petitioner's cruel and unusual punishment claim not procedurally barred, it lacks merit and relief should be denied. In this regard, successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." <u>Solem v. Helm</u>, 463 U.S. 277, 289-90 (1983). <u>See</u> also <u>Ramirez v. Castro</u>, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). Thus, in a case of a petitioner convicted of petty theft of $150.00 worth of videotapes with prior convictions, the United States Supreme Court has held that it was not an unreasonable application of clearly established federal law for the California Court of Appeal to affirm a sentence of two consecutive twenty-five year-to-life imprisonment terms. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003); <u>see</u> also <u>Ewing v. California</u>, 538 U.S. 11, 29 (2003) (holding that a sentence of twenty-five years-to-life in prison imposed on a grand theft conviction involving the theft of three golf clubs from a pro shop was not grossly disproportionate and did not violate the Eighth Amendment).

Moreover, because petitioner was sentenced as a recidivist under California's Three Strikes law, "in weighing the gravity" of his offense for purposes of a proportionality analysis, the court "must place on the scales not only his current felony," but also his criminal history. <u>Ewing</u>, 538 U.S. at 29. <u>See</u> also <u>Ramirez</u>, 365 F.3d at 768. This is not a case in which the petitioner's criminal history is comprised solely of non-violent offenses stemming from a single, dated incident and single guilty plea resulting in the imposition of only a one-year jail (as opposed to prison) sentence. <u>See</u> <u>id.</u> at 768-69. Rather, petitioner had a twenty-six year history of criminal activity. As the California Court of Appeal observed in rejecting this same argument:

> In 1977, he was convicted of possessing stolen property and given probation with jail time. He later violated this probation by possessing a shotgun. In 1978, he shot at an unoccupied car and was convicted of misdemeanor assault with a deadly weapon. In 1979, defendant was convicted of possessing a dangerous weapon

> and went to prison. In 1981, he robbed a Denny's restaurant and was sentenced to four years in state prison. In 1985, defendant committed seven residential burglaries and stole a car. Before he went back to prison, however, he committed another burglary. Paroled in 1991, defendant committed yet another burglary in 1992 and returned to state prison. By 1996, he was out of prison, but he began an extensive campaign of parole violations from 1996 to 2001, returning to prison eight times for violating parole.

(Opinion at 5-6.)

Although disagreeable to petitioner, his sentence is not inconsistent with federal law as set forth in the decisions of the United States Supreme Court noted above. The sentence imposed was within the statutory maximum for the offense committed by petitioner and was not grossly disproportionate to the crime of conviction in light of his criminal history. See Andrade, 538 U.S. at 77; Rios v. Garcia, 390 F.3d 1082, 1086 (9th Cir. 2004) (cruel and unusual punishment challenge to twenty-five year to life sentence on a felony petty theft with a prior conviction rejected based on the defendant's lengthy criminal history, prior periods of incarcerations and the fact that he attempted to avoid apprehension). Accordingly, petitioner is not entitled to relief with respect to his challenge to his sentence on Eighth Amendment grounds.

### 3. Ineffective Assistance of Counsel

Petitioner claims he "was denied his constitutional right to effective assistance of counsel and, thus, a fair trial." (Pet. at 6.) Petitioner argues that trial counsel rendered ineffective assistance for the following reasons: (A) "prior to trial, counsel allowed petitioner to admit all his prior convictions"; (B) "during trial, counsel allowed petitioner to testify in his own behalf in the face of his prior record"; and (C) "counsel facilitated a court trial rather than a jury trial." (Id.) These arguments were presented by petitioner to the California Court of Appeal and the California Supreme Court and were rejected. (Resp't Lodged Docs. 2-4.)

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). To support such a claim, a petitioner must first

show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003). Second, a petitioner must establish that he was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

      A.  Admission of Prior Convictions

Petitioner's first argument is that his trial counsel should not have allowed him to admit his prior convictions in advance of trial. (Pet. at 6.) The California Court of Appeal rejected this argument stating that "the record contains no explanation for this strategy. Even so, [petitioner] offers no argument that he could have avoided a true finding on those allegations." (Opinion at 12.) Petitioner has not argued in the instant petition that he could have avoided a true finding with respect to any of the priors alleged or that his prior convictions somehow would not have been presented had he not admitted them. Furthermore, petitioner was clearly told early on in the proceedings of the consequences of admitting his priors and he nonetheless admitted them. (RT at 38-51.) Therefore, petitioner has not satisfied his burden of demonstrating prejudice as a result of the alleged ineffective assistance, that but for counsel's error in allowing

him to admit his priors, the result of the proceeding would have been different. Accordingly, in the absence of any showing of prejudice, petitioner's claim must be rejected.

### B. Petitioner's Testimony

Petitioner's second ineffective assistance of counsel argument is that his trial counsel should not have allowed him to testify on his own behalf in light of petitioner's extensive prior record. (Pet. at 6.) The California Court of Appeal also rejected this argument, noting that petitioner had not established what advice counsel gave him or whether he had disregarded his counsel's advice. (Opinion at 12-13.)

In any event, petitioner clearly stated his intention to testify on his own behalf, telling the court "I just want to be able to tell what happened." (RT at 52, 55.) After reviewing the record thoroughly, including petitioner's testimony, it is reasonable to believe that in the face of the allegations against petitioner and his desire to testify, trial counsel intended to use petitioner's testimony to tell petitioner's side of the story, namely an alternative version of the facts that involved him finding a box of coins across the street from the recycling center. (Id. at 144-153.) Moreover, defense counsel's questioning of petitioner about his prior convictions was a tactical effort to create the inference that the long passage of time between these allegations and petitioner's past criminal activity was an indication that petitioner had reformed his criminal ways. (Id. at 151-52.)

That the jury returned a guilty verdict after hearing petitioner's testimony does not indicate that trial counsel's actions in calling his client to the witness stand were outside the wide range of professionally competent assistance. See Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir. 1984) (tactical decisions are not ineffective assistance merely because in retrospect other tactics are know to have been available). Therefore, the court rejects petitioner's claim that his trial counsel provided ineffective assistance by allowing petitioner to testify in his own defense.

/////

/////

C. Court Trial

Petitioner's final argument is that his trial "counsel facilitated a court trial rather than a jury trial." (Pet. at 6.) The Court of Appeal rejected this argument. (Resp't Lodged Doc. 2 at 12.) That decision was not an unreasonable application of federal law nor was it a decision based on an unreasonable determination of the facts. Petitioner was asked by the trial judge on multiple occasions whether he understood that he had the right to a jury trial and whether he had conferred with counsel in that regard. Petitioner indicated in the affirmative to both questions. (RT at 39, 54.) In addition to the fact that he waived his right to a jury trial and affirmatively assented to a court trial, petitioner has failed to establish any prejudice associated with his or trial counsel's decision to proceed with a court trial as opposed to a jury trial. Therefore, petitioner is not entitled to habeas relief on this claim.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2009.

DAD:3
ramos0995.hc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13